IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
FLINT OFFICE

| | | |
|---|---|---|
| ROBERT BAYLESS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16-cv-10968 |
| | ) | |
| v. | ) | |
| | ) | |
| ENHANCED RECOVERY | ) | JURY TRIAL DEMANDED |
| COMPANY, LLC, d/b/a ERC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT – CLASS ACTION

NOW COMES the Plaintiff, ROBERT BAYLESS, by and through his attorneys, SMITHMARCO, P.C., suing on behalf of himself and all other similarly situated, and for his complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC d/b/a ERC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   ROBERT BAYLESS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Flint, County of Genesee, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Sprint (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Sprint was for a cellular telephone, which was for the personal use of Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ENHANCED RECOVERY COMPANY, LLC, d/b/a ERC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of Florida. Defendant is incorporated in the State of Michigan

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   GENERAL ALLEGATIONS

14. On or about January 27, 2016, Defendant wrote and mailed to Plaintiff a collection or "dunning" letter (hereinafter, "the Letter") that attempted to coerce Plaintiff into paying the alleged debt.

15. The Letter was the initial communication by Defendant to Plaintiff.

16. The Letter stated, *inter alia*, "**This letter serves as notification that your delinquent account may be reported to the national credit bureaus.**" (Emphasis added).

17. Defendant's statement, as delineated in the previous paragraph, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt, then Defendant would report the debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

18. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that at the time of the representation, the debt on which Defendant was attempting to collect did not appear on Plaintiff's credit report.

19. Based on Defendant's representations as delineated above, Plaintiff believed that the Debt did not appear on his credit report.

20. Based on Defendant's representations, as delineated above, Plaintiff believed that if he did not pay the Debt, Defendant could report the debt to one or more consumer reporting agencies.

21. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt, then the debt could appear on Plaintiff's credit report.

22. Based on Defendant's representations as delineated above, Plaintiff believed that if he did not pay the Debt, it could appear on his credit report.

23. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt, the non-payment of said debt could have a detrimental effect on Plaintiff's credit score.

24. Based on Defendant's representations as delineated above, Plaintiff believed that if he did not pay the Debt, the non-payment of said debt could have a detrimental effect on his credit score.

25. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

26. Pursuant to 15 U.S.C. § 1681c(b), the following debts are exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years:

   i. A credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more;

   ii. The underwriting of life insurance involving, or which reasonably be expected to involve, a face amount of $150,000 or more; or

   iii. The employment of any individual at an annual salary which equals, or may reasonably be expected to equal $75,000, or more.

27. The debt on which Defendant was attempting to collect from Plaintiff was for a credit transaction for less than a principal amount of $150,000.

28. The debt on which Defendant was attempting to collect from Plaintiff was not relative to a life insurance policy.

29. The debt on which Defendant was attempting to collect from Plaintiff was not relative to employment.

30. The debt on which Defendant was attempting to collect from Plaintiff was not a debt that falls within any of the aforementioned categories such that it would be exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years.

31. At the time Defendant made the aforementioned representations, i.e., that it could report the Debt to the credit reporting agencies, the account relative to the debt on which Defendant was attempting to collect antedated the applicable reporting period by more than seven (7) years.

32. Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that even if Defendant reported the Debt to the consumer reporting agencies, the Debt would not appear on Plaintiff's credit report as the consumer reporting agencies would be precluded from making any credit reports including information about said debt.

33. Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that even if Defendant reported the Debt to the consumer reporting agencies, said information would be unlikely to appear on Plaintiff's credit report as the consumer reporting agencies would be precluded from making any credit reports including information about said debt.

34. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt as Defendant implied that the Debt would appear on Plaintiff's credit report and have a detrimental affect on Plaintiff's credit score when in fact, the

consumer reporting agencies would be precluded from reporting said debt pursuant to §1681c(a)(4) of the FCRA.

35. Defendant's representations, as delineated above, were unfair and unconscionable as the threat to report the Debt to the consumer reporting agencies was a hollow threat made only to intimidate Plaintiff into making payment against said debt.

36. Defendant's representation, as delineated above, were statements made, the natural consequence of which was to harass and/or abuse the Plaintiff.

37. At the time Defendant made the representations regarding the reporting of the Debt to the consumer reporting agencies, Defendant had neither the intent nor the authority to report said debt to the consumer reporting agencies.

38. Defendant's Letter is false and misleading as it tends to cause an unsophisticated consumer to believe that the Debt could appear on their credit report.

39. At all times relevant hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the scope and course of their employment and under the direct supervision and control of Defendant.

## V. CLASS ALLEGATIONS

40. Plaintiff brings this action individually and on behalf of a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

41. The aforementioned class of individuals is defined as all persons to whom, during the one (1) year period prior to the filing of this Complaint, Defendant sent the Letter, or other communications substantially in the form of the Letter, in an attempt to collect a debt.

42. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has sent the Letter to hundreds, possibly thousands, of

consumers. Given that the aforementioned letters are standard form letters sent to myriad consumers, there exists a presumption of numerosity.

43. There are questions of law and fact common the Class that predominate over any questions affecting only individual Class members. The principal question at issue is whether Defendant violated the FDCPA by mailing the Letter, or other communications substantially in the form of the Letter, to Class members during the applicable time period as alleged.

44. Plaintiff's claim is typical of the claims for the Class, which arise from the same operative facts and are predicated on the same legal theories.

45. There are no individual questions of fact, other than whether a Class member received one of the offending letters, which can be determined by a ministerial inspection of Defendant's records.

46. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously prosecuting this matter and has retained counsel experience in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor counsel for Plaintiff have any interests that might cause them to not vigorously pursue this claim.

47. This action should be maintained as a class action as the prosecution of separate actions by individual members of the Class would create a substantial risk of inconsistent or varying adjudications with respect to individual Class members. Such a result would establish incompatible standards of conduct for the parties opposing the Class. Furthermore, the prosecution of separate actions could result in adjudications of individual members' claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

48. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages in an individual action under the FDCPA are $1,000. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of individual Class members may be easily obtained from Defendant's records.

## VI.   PLAINTIFF'S ALLEGATIONS

49. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

50. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## VII.   DEFENDANT'S VIOLATIONS OF THE FDCPA

51. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

52. The Letter sent by Defendant to Plaintiff is a "communication" relating to a "debt" as those terms are defined by 15 U.S.C. §1692a(2) and §1692a(5).

53. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    d. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

54. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages and liable to Plaintiff and Class members for statutory damages, attorneys' fees and costs.

## VIII. JURY DEMAND

55. Plaintiff hereby demands a trial by jury on all issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT BAYLESS, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. The maximum permissible amount of statutory damages;

    c. Attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ROBERT BAYLESS**

**By:** s/ David M. Marco
       Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com